**DLD-270**                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3078
_____

IN RE: CHARLES PALADINO,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. No. 11-cv-07470)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 30, 2012
Before:  AMBRO, JORDAN AND VANASKIE, Circuit Judges

(Opinion filed: September 6, 2012)
_____

OPINION
_____

PER CURIAM

Charles Paladino petitions for a writ of mandamus to compel the United States

District Court for the Eastern District of Pennsylvania to act on his request for the

production of documents in the proceedings on his petition for a writ of habeas corpus.

We will deny the petition for a writ of mandamus.

I.

In his habeas petition pursuant to 28 U.S.C. § 2254, Paladino challenges his 2008

conviction for robbery, robbery of a motor vehicle, conspiracy, and possession of the

instruments of crime in connection with the February 2006 robbery of a taxi cab. The District Court referred Paladino's petition to a Magistrate Judge. The Magistrate Judge originally recommended that Paladino's petition be dismissed without prejudice because it included both exhausted and unexhausted claims. Of the numerous claims asserted in Paladino's petition, the only ones the Magistrate Judge found that he had exhausted were (1) his challenge to the sufficiency of the evidence, and (2) his claim that his sentence was illegal because the sentences for robbery and robbery of an automobile should have merged. Paladino filed objections to the Magistrate Judge's Report and Recommendation (R&R) in which he indicated that he wanted to withdraw his unexhausted claims and proceed only with the exhausted claims. The District Court approved and adopted the R&R in part. In light of Paladino's response, the District Court concluded that, rather than dismissing the petition without prejudice, the petition should be returned to the Magistrate Judge for review of the exhausted claims. The Magistrate Judge then ordered the respondents to file a supplemental response to the petition. The time for them to do so was extended to September 17, 2012.

On March 29, 2012—around the same time that he filed his response to the Magistrate Judge's original R&R, but before the District Court had issued its order referring the matter back to the Magistrate Judge—Paladino filed a Motion for Production of Documents. In that motion, he requested that the District Court order the respondents to produce various tax forms and a warehouse order for the period 2006 through 2012. Paladino also filed a motion to compel the production of those documents

2

on May 11, 2012. He contends that neither the District Court nor the respondents have acted upon either his original document request or his subsequent motion to compel. He now requests that we issue a writ of mandamus requiring the District Court to take action.

## II.

Mandamus is a drastic remedy available only in the most extraordinary of circumstances. Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). It "has traditionally been available to a court of appeals only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" Madden v. Myers, 102 F.3d 74, 77 n.3 (3d Cir. 1996) (citations omitted). Such action is appropriate only where (1) the petitioner has no other adequate means to obtain the relief sought; (2) the right to the issuance of the writ is clear and indisputable; and (3) we are satisfied in the exercise of our discretion that mandamus is appropriate under the circumstances. In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378-79 (3d Cir. 2005).

We have explained that the manner in which a District Court disposes of the cases on its docket and conducts discovery is committed to its sound discretion. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817-18 (3d Cir. 1982). However, there are instances where "undue delay is tantamount to a failure to exercise jurisdiction," which may warrant mandamus relief. Madden, 102 F.3d at 79. So far it appears that the Magistrate Judge and the District Court have been diligently handling Paladino's habeas petition. We do not find that the short delay so far in resolving Paladino's discovery motion rises

to the level of a denial of due process warranting the drastic remedy of mandamus. See id. (addressing five-month delay).

Paladino also suggests that the District Court has a simple duty to authorize his discovery. Contrary to his assertions concerning the broad scope of discovery under the Federal Rules of Civil Procedure, though, "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). Rather, Rule 6 of the Rules Governing § 2254 Cases provides that a judge may, upon a showing of good cause, permit discovery. Under Rule 6(b), the "party requesting discovery must provide reasons for the request." Ultimately, "[t]he burden rests upon the petitioner to demonstrate that the sought-after information is pertinent and that there is good cause for its production." Williams v. Beard, 637 F.3d 195, 209 (3d Cir. 2011). Although we observe that it is not readily apparent how Paladino construes the requested documents as being pertinent to his habeas petition, we will leave it to the District Court to determine in the first instance whether Paladino has satisfied the standard for obtaining discovery under Rule 6(b). We are fully confident it will do so without undue delay.

## III.

In sum, because the extraordinary circumstances justifying a writ of mandamus are absent, we will deny the petition.